UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PETER E. DEUTSCH,                                :

             Plaintiff/Petitioner, and    :   Case No. 13 CV 4571 (RPP)

RECEIVER ROBERT SEIDEN,               :

             Plaintiff/Petitioner,         :

  -against-                                         :

ZST DIGITAL NETWORKS, INC.,           :

             Defendant/Respondent,       :

  -and-                                              :

DUANE MORRIS LLP,                            :

             Garnishee.                          :
----------------------------------------------------------------x

MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS THE PETITION

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
(212) 692-1000
Attorneys for Duane Morris LLP Pro Se and Attorneys for Defendant/Respondent

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

Preliminary Statement......................................................................................................................1

Factual Background .........................................................................................................................3

    A.    The Proceeding in Delaware Chancery Court ........................................................... 3

    B.    The Prior Action Before This Court ........................................................................ 4

    C.    Petitioners' Commencement of Enforcement Proceedings ...................................... 5

ARGUMENT – THE PETITION SHOULD BE DISMISSED BECAUSE IT IS
              PREMATURE AND FAILS TO STATE A PLAUSIBLE BASIS FOR
              REQUIRING THE TURNOVER OF FUNDS BY DUANE MORRIS ................6

    A.    Enforcement Proceedings Cannot Be Commenced Until After a Judgment
          Has Been Entered................................................................................................... 6

    B.    Petitioners Have Not Stated a Plausible Claim Against Duane Morris .................. 7

CONCLUSION............................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**          Page(s)

Art-Camera Pix, Inc. v. Cinecom Corp.,
   64 Misc. 2d 764, 315 N.Y.S.2d 991 (Sup. Ct. N.Y. Co. 1970) ..................11

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S. Ct. 1937 (2009)..................10

Baker v. Power Secs. Corp.,
   948 F. Supp. 255 (W.D.N.Y. 1996)..................10

Beauvais v. Allegiance Secs., Inc.,
   942 F.2d 838 (2d Cir. 1991)..................8

Berman v. Sugo LLC,
   580 F. Supp. 2d 191 (S.D.N.Y. 2008)..................10

In re D.L.I.C., Inc.,
   120 B.R. 348 (Bankr. S.D.N.Y. 1990)..................8

Eisenberg v. Mercer Hicks Corp.,
   199 Misc. 52, 101 N.Y.S.2d 662 (Sup. Ct. N.Y. Co. 1950),
   aff'd, 278 A.D. 806 (1st Dep't 1951)..................9

In re Insilco Techs., Inc.,
   291 B.R. 628 (Bankr. D. Del. 2003)..................9

In re King,
   392 B.R. 62 (Bankr. S.D.N.Y. 2008)..................8

Meyerhardt v. Heinzelman,
   71 N.Y.S.2d 692 (Sup. Ct. N.Y. Co.),
   aff'd, 272 A.D. 800 (1947)..................11

Musso v. Ostashko,
   468 F.3d 99 (2d Cir. 2006)..................7, 10

In re Renfrew Ctr. of Florida, Inc.,
   195 B.R. 335 (Bankr. E.D. Pa. 1996)..................8, 9

In re Syed Indus. Corp.,
   58 B.R. 920 (Bankr. E.D.N.Y. 1986)..................11

Van Dunk v. Brower,
   2009 U.S. Dist. LEXIS 21832 (S.D.N.Y. Mar. 12, 2009)..................10

Zavelin v. Greenberg,
    2010 N.Y. Misc. LEXIS 634 (Sup. Ct. Kings Co. Mar. 24, 2010) ............................................. 7

Rules

CPLR § 5202(b) ............................................................................................................................. 11

CPLR § 5225 ............................................................................................................................. 10, 12

CPLR § 5225(b) ............................................................................................................................. 7, 9

Fed. R. Civ. P. 69 ............................................................................................................................. 6

Other Authorities

New York State Bar Association Committee on Professional Ethics, Opinion 570 (1985) ............ 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PETER E. DEUTSCH,                                :

              Plaintiff/Petitioner, and     :     Case No. 13 CV 4571 (RPP)

RECEIVER ROBERT SEIDEN,              :

              Plaintiff/Petitioner,             :

  -against-                                            :

ZST DIGITAL NETWORKS, INC.,        :

              Defendant/Respondent,        :

  -and-                                                 :

DUANE MORRIS LLP,                          :

              Garnishee.                             :
-----------------------------------------------------------------x

MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS THE PETITION

Preliminary Statement

This memorandum is submitted on behalf of "garnishee" Duane Morris LLP ("Duane Morris") and defendant/respondent ZST Digital Networks, Inc. ("ZST") in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the petition of plaintiffs/petitioners Peter E. Deutsch ("Deutsch") and Robert Seiden ("Seiden") (Deutsch and Seiden are together referred to as "Petitioners") requesting the turnover of property purportedly belonging to ZST.

Although Deutsch calls himself a "judgment creditor" and seeks the turnover of funds in connection with a judgment supposedly entered by this Court on May 30, 2013, the document

Petitioners identify as the "judgment" is not a judgment at all. It is simply an order restraining ZST and others from altering or destroying certain books and records. (See Ex. 14 to the affirmation of David Graff, dated July 1, 2013, the "Graff Aff.") To date, no judgment has been entered in favor of Petitioners and against ZST in New York. (See Ex. B to the accompanying declaration of J. Manly Parks, dated July 22, 2013, the "Parks Decl.") Until a judgment is entered here, there is no judgment for this Court to enforce. Petitioners' turnover proceeding is therefore premature.[1]

Even if Petitioners could somehow overcome this procedural problem, they still would have no right to the relief they seek. As the Petition itself makes clear, Petitioners want the Court to order Duane Morris to turn over the retainer it was paid on May 14, 2013 – more than two weeks before May 30, 2013, the date on which Petitioners erroneously claim this Court entered judgment in their favor. Petitioners do not (and cannot) offer any theory under which a judgment creditor would be entitled to the turnover of a retainer paid to a law firm at a time when nothing even arguably barred the client from paying the firm to provide legal services. As a matter of law, the retainer became the property of Duane Morris upon receipt. It was not, moreover, ZST who paid the retainer. Instead, Duane Morris has produced documentary evidence showing that the funds it received were wired to it by ZST's Hong Kong counsel. (See Parks Decl. Ex. D.) Thus, not only does the retainer belong to Duane Morris – rather than to

---

[1] This proceeding is also improper because the Court lacks subject matter jurisdiction. While a court may exercise ancillary jurisdiction to enforce its own judgment, this Court cannot do so since it has not actually entered a judgment here. Accordingly, unless an independent basis for subject matter jurisdiction exists, Petitioners cannot maintain this proceeding. The sole basis of subject matter jurisdiction asserted in the Petition is diversity of citizenship. (Petition ¶ 1.) But subject matter jurisdiction cannot be based on diversity in this case because complete diversity is lacking: Duane Morris is a limited liability partnership with members who reside in New York which is the same state in which Seiden resides. (See Civil Cover Sheet.)

ZST – but Petitioners are wrong that Duane Morris is "the recipient of funds from the Judgment Debtor." (Graff Aff. ¶ 20.)

In short, this proceeding should be dismissed because 1) a turnover proceeding cannot be brought before entry of judgment, which has not yet occurred here; and 2) the Petition does not state a facially plausible claim that Duane Morris is in possession of money or property that belongs to either ZST or Deutsch.

Factual Background

The facts relevant to this action are drawn from the Petition, the documents annexed to the Parks Declaration, and other public records.

A. <u>The Proceeding in Delaware Chancery Court</u>

Deutsch commenced a proceeding against ZST in Delaware Chancery Court in November 2012. (Graff Aff. Ex. 6.) ZST, a company that has all of its operations in China, was not personally served. Rather, a copy of the Delaware pleading was delivered to ZST's agent for service of process in Delaware. (Graff Aff. Ex. 7.) ZST did not appear in the Delaware action and, in its absence, the Chancery Court issued an order on March 20, 2013 granting Deutsch the right to "put" his shares in ZST stock for $8.21 per share. (Graff Aff. Ex. 10.)

Deutsch subsequently exercised his "put" right with respect to 3,931,370 shares (Graff Aff. Ex. 12), for which he claimed he was entitled to $32,277,368.70. But, as a matter of simple math, when 3,931,370 shares is multiplied by $8.21 per share, the product is actually $32,276,547.70. Neither this dollar amount nor the incorrect greater amount appears in any judgment entered in Delaware; the Delaware Chancery Court order merely provides that Deutsch could "put" his shares at $8.21 per share. (Graff Aff. Ex. 10.) Deutsch nevertheless filed a motion for summary judgment in lieu of complaint in this Court on April 23, 2013 seeking to domesticate a Delaware judgment in the amount of $32,277,368.70. (Parks Decl. Ex. B.)

B.     The Prior Action Before This Court

ZST did not become aware of Deutsch's prior Southern District of New York action until on or about May 7, 2013 when it received a letter from its auditor's counsel attaching a copy of an ex parte temporary restraining order issued by this Court. (Graff Aff. Ex. 15, Doc. 20-1, ¶ 1.) ZST promptly notified its Hong Kong attorneys, the firm of King & Wood Mallesons, and they unsuccessfully sought to persuade Deutsch to agree to an adjournment for the purpose of enabling ZST to retain counsel. Duane Morris was formally retained to represent ZST on May 12, 2013. It then began the process of investigating the facts. (Graff Aff. Ex. 15, Doc. 20-2, ¶ 6.)

The terms of Duane Morris' retention are memorialized in an engagement letter dated May 12, 2013. (Parks Decl. Ex. C.) The engagement letter provides for "an advance fee retainer [of $25,000] for any professional fees associated with the matter." (Id. at p. 2.) Because of the need to act quickly, the $25,000 advance fee retainer was wired to Duane Morris on May 13, 2013 from the account of King & Wood Mallesons, which has served as liaison between Duane Morris and ZST; Duane Morris has received no payment directly from ZST. In accordance with the terms of the engagement letter, Duane Morris has applied the amount of the advance fee retainer to the fees it incurred in connection with its representation of ZST.

There was nothing secretive about the retainer Duane Morris received. Its existence was disclosed in the papers Duane Morris submitted in support of its motion for an adjournment of the initial matter before this Court. (Graff Aff. Ex. 15, Doc. 20-2, ¶ 4.) Following this disclosure, Petitioners did not suggest that Duane Morris had no right to be paid for representing ZST. Since then, Duane Morris has continued to provide legal services to ZST in connection with the dispute with Petitioners.

On May 30, 2013, this Court entered an order permanently retraining ZST and others "from altering, modifying, deleting, misappropriating, transferring, converting, or in any manner destroying any and all documents, books, or records . . . related to defendant ZST. . . ." (Graff Aff. Ex. 14.[2]) Although the order includes a "whereas" clause stating that "it was determined at the Hearing held on May 28, 2013 that Plaintiff's Motion for Summary Judgment in Lieu of Complaint was <u>to be granted</u> against defendant ZST in the sum of $32,277,368.70. . ." (emphasis added), the order itself does not determine the motion for summary judgment in lieu of complaint, nor does its one decretal paragraph award Petitioners any monetary relief. To date, no judgment awarding Petitioners monetary or other relief against ZST has been docketed in this jurisdiction.

C. <u>Petitioners' Commencement of Enforcement Proceedings</u>

Based on the May 30 order granting injunctive relief – the same order that Petitioners mischaracterize as a "Judgment" in this proceeding – Petitioners filed turnover proceedings against four separate financial institutions between June 3 and June 4, 2013. (Docket Nos. 13 CV 3764, 13 CV 3765, 13 CV 3780, and 13 CV 3781.) By June 25, 2013, all but one of those proceedings had been voluntarily dismissed. Then, on July 1, 2013, Petitioners filed essentially the same turnover petition against Duane Morris, calling Duane Morris a "Garnishee" and seeking a turnover of the fees Duane Morris was paid as ZST's counsel "on May 14, 2013" as well as "any other subsequent obligations, payments or disbursements from ZSTN to Duane Morris." (Petition ¶ 11.) Although Petitioners have stated that they will be serving restraining

---

[2] In addition to mistakenly describing the May 30 order granting injunctive relief as a "Judgment" (Graff Aff. ¶ 16), the document Petitioners annex as the May 30 order includes five pages which are not part of the May 30 order as docketed. These superfluous pages consist of the ex parte order to show cause entered on April 16, 2013, which was superseded by the May 30 order.

notices (Petition ¶ 33), they have not done so.  An Amended Notice of Petition was docketed on on the Court's electronic filing system on July 19, 2013, e-mailed to a Duane Morris attorney that same day, and mailed to the offices of Duane Morris.  The Petition itself was not amended.  It seeks no relief directly from ZST which nevertheless joins in this motion.

The Petition does not allege any facts indicating that any payment Duane Morris received was improper.  It merely makes conclusory allegations such as the allegation in Paragraph 27 that, "[a]s the recipient of funds from the Judgment Debtor, ZSTN, Duane Morris is in the possession or custody of monies and/or property that belongs to Mr. Deutsch as Judgment Creditor."  Even if Petitioners were correct that Duane Morris had received funds from ZSTN – and they are not – that would not by itself establish that the funds belong to Deutsch.  In fact, Duane Morris is not a proper garnishee because it owes ZST nothing.  It also is not in possession of money that belongs to Deutsch, and the Petition sets forth no facts indicating otherwise.

ARGUMENT –
THE PETITION SHOULD BE DISMISSED BECAUSE IT IS PREMATURE
AND FAILS TO STATE A PLAUSIBLE BASIS FOR
<u>REQUIRING THE TURNOVER OF FUNDS BY DUANE MORRIS</u>

A.   Enforcement Proceedings Cannot Be Commenced
     <u>Until After a Judgment Has Been Entered</u>

Petitioners' turnover proceeding should be dismissed as premature because a judgment has not yet been entered in this jurisdiction.  Rule 69 of the Federal Rules of Civil Procedure governs proceedings to enforce a judgment.  It provides: "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  No federal statute applies here.  Petitioners must therefore comply with New York enforcement procedure.

The Second Circuit discussed the procedure for enforcing judgments in New York in

- 6 -

Musso v. Ostashko, 468 F.3d 99, 106 (2d Cir. 2006), where it held:

> In New York, a judgment cannot be enforced prior to entry:
>
> ... The granting of a judgment by a court is of no value to the judgment creditor until the judgment is "entered." Entry of the judgment is the first step towards enforcement of that judgment under the CPLR. "Entry" occurs when the clerk files the judgment after signing it.
>
> .... CPLR sections 5202 and 5203 lay out the steps that a judgment creditor must follow in order to obtain rights in a debtor's personal or real property, respectively.
>
> (Emphasis added and citations omitted.)

Accord Zavelin v. Greenberg, 2010 N.Y. Misc. LEXIS 634, *7 (Sup. Ct. Kings Co. Mar. 24, 2010) ("At all times after the entry of the judgment order, plaintiff had the right to collect the sum owed") (emphasis added).

No judgment has been entered here. The document that Petitioners characterize as a judgment is not a judgment at all. On its face, it is an order permanently restraining ZST and others from taking certain actions; it grants no relief beyond that. (See Graff Aff. Ex. 14.) Since a money judgment has not been entered in Petitioners' favor in New York, this enforcement proceeding is premature.

B.   Petitioners Have Not Stated a Plausible Claim Against Duane Morris

Had a judgment been entered against ZST on May 30, 2013, Petitioners still would not be entitled to the relief they seek – the turnover of monies paid to Duane Morris for legal services provided to ZST – because they cannot satisfy either of the requirements of CPLR § 5225(b). Under Section 5225(b), a party seeking "property not in the possession of the judgment debtor" must show two things: (1) "that the judgment debtor 'has an interest' in the property the creditor seeks to reach" and (2) "that the judgment debtor is 'entitled to the possession of such property'

*or* . . . that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." Beauvais v. Allegiance Secs., Inc., 942 F.2d 838, 840 (2d Cir. 1991) (emphasis in original). Neither showing can be made here.

First, with respect to the requirement that Petitioners show that ZST has an interest in payments made to Duane Morris for legal services, the Petition says nothing at all on the subject. At most, it alleges that Duane Morris "had received funds from ZSTN." (Petition ¶ 26.) This innocuous allegation is itself wrong: Duane Morris has received no funds from ZST. (See Parks Decl. Ex. D.) But, even if Duane Morris had received funds from ZST, it would not mean that ZST now has an interest in those funds.

The payment Duane Morris received on May 14, 2013 was, by its terms, an "advance fee retainer." (Parks Decl. Ex. C.) The engagement letter between Duane Morris and ZST explicitly authorizes Duane Morris to apply the retainer "in payment of ZST's account for legal fees owed or other expenses incurred on ZST's behalf" (Ibid.), and Duane Morris has done so. An advance fee retainer is, as a matter of law, the attorney's property, not the client's. In re King, 392 B.R. 62, 70 (Bankr. S.D.N.Y. 2008) ("'advance payment retainer'" "involves fees paid to an attorney for services to be rendered, but the payment passes to counsel upon remittance at which time the debtor relinquishes all interest in the monies, unless there is an express agreement for the payment to be held in trust or escrow"); In re D.L.I.C., Inc., 120 B.R. 348, 351 (Bankr. S.D.N.Y. 1990) (in New York, "retainers may be treated as advance payment of fees, belonging to the attorney when transferred"); New York State Bar Association Committee on Professional Ethics, Opinion 570 (1985) ("advance payments of legal fees need not be considered client funds and need not be deposited in a client trust account"); see also In re Renfrew Ctr. of Florida, Inc., 195 B.R. 335, 338-339 (Bankr. E.D. Pa. 1996) ("In the advance fee retainer arrangement, the attorney

receives payment in advance for contemplated legal services and depletes the prepaid fund as services are rendered. Advance fee retainers differ from security retainers in that ownership of the funds is intended to pass to the attorney at the time of the payment"); In re Insilco Techs., Inc., 291 B.R. 628, 632 (Bankr. D. Del. 2003) ("An advance fee retainer is similar to the security retainer, except that ownership passes at the time of payment to the attorney").

If Duane Morris had been terminated before the funds were applied, it is King & Wood Mallesons – and not ZST – who would be entitled to a refund. Thus, since ZST has no interest in the funds paid to Duane Morris, the funds cannot be subject to a turnover proceeding. See Eisenberg v. Mercer Hicks Corp., 199 Misc. 52, 54, 101 N.Y.S.2d 662, 664 (Sup. Ct. N.Y. Co. 1950), aff'd, 278 A.D. 806 (1st Dep't 1951) ("the lien which a judgment creditor obtains by commencing his supplementary proceeding is a lien upon only such interest in the property as the judgment debtor has . . . . He cannot get more than the judgment debtor had") (citations omitted).

Petitioners have also failed to plead facts sufficient to satisfy the other requirement of CPLR § 5225(b) – that the judgment debtor is entitled to possession of the funds[3] or that their rights to the funds are superior to the transferee's rights. To the extent that the Petition says anything on this subject, it merely makes a conclusory allegation that, "[a]s the recipient of funds from the Judgment Debtor, ZSTN, Duane Morris is in possession or custody of monies and/or property that belongs to Mr. Deutsch as Judgment Creditor." (Petition ¶ 27.) This bare

---

[3] Since the retainer belongs to Duane Morris, has been applied, and was not paid by ZST is not entitled to its possession.

- 9 -

allegation is insufficient to meet Petitioners' burden of stating a facially plausible claim.[4] Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (to avoid dismissal, Fed. R. Civ. P. 8(a)(2) requires that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (citation omitted); Van Dunk v. Brower, 2009 U.S. Dist. LEXIS 21832, *19 (S.D.N.Y. Mar. 12, 2009) (dismissing claim because complaint "only makes the conclusory allegation that AFS is a place of public accommodation. It does not provide further facts that demonstrate why or how AFS falls under one of the categories of public accommodation enumerated in the statute and, therefore, does not allege 'enough facts to state a claim to relief that its plausible on its face'").

In assessing a pleading's facial plausibility, the Supreme Court explained that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft, supra, 556 U.S. at 666, 129 S. Ct. at 1949.  Accord Berman v. Sugo LLC, 580 F. Supp. 2d 191, 199 (S.D.N.Y. 2008) (court "is 'not bound to accept as true a legal conclusion couched as a factual allegation'").

In order for Deutsch's rights to the funds Duane Morris received to be superior to Duane Morris' rights to those funds, Petitioners would have had to secure an order requiring delivery of the funds to them before Duane Morris was paid, and they did not do so.  Under New York law, the entry of a judgment, by itself, does not give a judgment creditor an interest in the judgment debtor's personal property.  Musso, supra, 468 F.3d at 106 ("With respect to personal property,

---

[4] Petitioners also bear the burden of establishing that their rights are superior to Duane Morris' rights.  Baker v. Power Secs. Corp., 948 F. Supp. 255, 260 (W.D.N.Y. 1996) ("In a proceeding under § 5225, 'the creditor has the burden of establishing that his rights are superior to those of the transferee . . . .'") (citation omitted).

after entry of the judgment the creditor generally must 'execute' on the property by delivering the final order to the sheriff of the county in which the property is located"); In re Syed Indus. Corp., 58 B.R. 920, 922 (Bankr. E.D.N.Y. 1986) ("defendant properly docketed its judgment obtained against the plaintiff on January 31, 1985. A lien on the debtor's interest in personal property was created when the defendant delivered an execution to the Sheriff"); Art-Camera-Pix, Inc. v. Cinecom Corp., 64 Misc. 2d 764, 765, 315 N.Y.S.2d 991, 992 (Sup. Ct. N.Y. Co. 1970) ("Under our law, the mere entry of judgment creates no lien against the personal property of the judgment debtor. The lien comes into existence only upon issuance of execution to the Sheriff"); Meyerhardt v. Heinzelman, 71 N.Y.S.2d 692, 692 (Sup. Ct. N.Y. Co.), aff'd, 272 A.D. 800 (1947) ("The mere docketing of a judgment does not create a lien on *personal* property; its effect is to create a lien on *real* property") (emphasis in original).

Section 5202(b) of the CPLR codifies what a judgment creditor must do to acquire rights superior to a transferee's. It states:

> Where a judgment creditor has secured an order for delivery of, payment of, or appointment of a receiver of, a debt owed to the judgment debtor or an interest of the judgment debtor in personal property, the judgment creditor's rights in the debt or property are superior to the rights of any transferee of the debt or property, except a transferee who acquired the debt or property for fair consideration and without notice of such order.[5]

---

[5] When Duane Morris was paid by someone other than ZST, it had no notice of an order requiring delivery of the funds – nor could it have had such notice since no such order has been issued. Moreover, there was fair consideration for the transfer: the payment was for legal services which Duane Morris agreed to and did render. Thus, even if Petitioners could meet the other requirements of CPLR § 5202(b) for establishing the superiority of its rights, the payment to Duane Morris would fall within the exception applicable to bona fide transfers.

Thus, even if a judgment had been entered on May 30, 2013 and even if ZST had itself paid the retainer – neither of which occurred – that would not make Petitioners' rights superior to Duane Morris' rights. Petitioners would also have had to take steps to execute on the judgment. They did not do so and could not have done so as of May 14, 2013, when the retainer was paid, since that was two weeks before even they claim (albeit erroneously) that they obtained a money judgment against ZST. Under the circumstances, Petitioners cannot show that they have a superior interest in any payment made to Duane Morris to date.

Since Petitioners have pled no facts showing that they can satisfy either of the requirements of CPLR § 5225, no basis for a turnover exists. Accordingly, the Petition should be dismissed.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that the motion to dismiss this turnover proceeding should be granted in all respects.

Dated: New York, New York
      July 26, 2013

                                    DUANE MORRIS LLP

                                    By: *Fran M. Jacobs*
                                         Fran M. Jacobs
                                         Kevin Potere
1540 Broadway
New York, NY 10036
(212) 692-1000
Attorneys for Duane Morris LLP Pro Se
and Attorneys for Defendant/Respondent