UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER E. DEUTSCH, <br>     Plaintiff/Petitioner, and <br> RECEIVER ROBERT SEIDEN, <br>     Plaintiff/Petitioner, <br> vs. <br> ZST DIGITAL NETWORKS, INC., <br>     Defendant/Respondent, <br> and <br> DUANE MORRIS LLP, <br>     Garnishee. | **OPPOSITION TO MOTION TO DISMISS** <br><br> Case No.   13-CV-4571 <br><br> (Filed Electronically on August 5, 2013) |

# MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DUANE MORRIS'S MOTION TO DISMISS

1

**PRELIMINARY STATEMENT**

Peter E. Deutsch ("Judgment Creditor" or "Mr. Deutsch") and Receiver Robert E. Seiden ("Mr. Seiden" or "Receiver") (collectively "Petitioners"), by and through its attorneys, Anderson Kill & Olick, P.C., submit this Opposition to the Motion to Dismiss submitted by Duane Morris LLP ("Duane Morris" or "Garnishee"), pursuant to Federal Rules of Civil Procedure 69, N.Y. Civil Practice Law and Rules ("CPLR") Articles 4 and 52.

This turnover proceeding arises out of ZST Digital Networks, Inc.'s ("ZSTN" or "ZST" or "Judgment Debtor") failure to pay a $32,277,368.70 final judgment entered against it and in favor of the Petitioner in the Delaware Chancery Court on March 20, 2013 (the "Delaware Judgment"). The Delaware Order also provided for the appointment of a receiver for the purpose of enforcing ZSTN's compliance with said Judgment ("Receiver Order"). On May 30, 2013, the Honorable Robert Patterson of the Southern District of New York domesticated the Delaware Judgment, contrary to Duane Morris's allegations. For the Court's convenience, annexed to the Declaration of David Graff ("Graff Dec.") as **Exhibit 1** is a proposed order further clarifying that judgment was indeed entered in favor of Plaintiff Peter E. Deutsch in the amount of $32,277,368.70 on May 30, 2013 by this Court. Thus, this Court maintains ancillary jurisdiction in this turnover proceeding against Duane Morris as necessary to enforce its own Judgment.

As counsel for ZSTN, Duane Morris indisputably had knowledge of the Receiver Order that prioritizes payment to Mr. Seiden as Receiver. Under the Receiver Order, "[p]ayment of the fees and expenses of the receiver and any experts or advisors retained by the receiver shall have *priority* over all other obligations, payments or disbursements of [ZSTN]." See Graff Dec. **Exhibit 6** (Receiver Order). In direct violation of this clear and unambiguous Order, Duane Morris obtained the $25,000 of ZSTN funds, as an initial retainer for legal services to be

2

rendered ("Initial Retainer Fee"), while Mr. Seiden's fees remain unpaid. Furthermore, as Duane Morris has already applied the Initial Retainer Fee, it is believed that Duane Morris has obtained ZSTN funds *in addition* to the initial $25,000 payment, and will continue to violate the Receiver Order.

In light of this violation of the Receiver Order, this petition seeks an Order holding that all ZSTN funds obtained by Duane Morris, including but not limited to the $25,000 Initial Retainer Fee, are void and should be clawed back and turned over to Petitioners.

## STATEMENT OF FACTS

### I. The Delaware Judgment Has Been Domesticated in the State of New York

On May 30, 2013, this Court Domesticated the Delaware Judgment at a hearing which Counsel for Duane Morris was in fact present and is well aware that the Delaware Judgment was domesticated that day. To now say that the Judgment was not entered is entirely disingenuous. For the Court's convenience, annexed to the Declaration of David Graff as **Exhibit 1** is a proposed order further clarifying that judgment was indeed entered in favor of Plaintiff Peter E. Deutsch in the amount of $32,277,368.70 on May 30, 2013 by this Court. To further refute Duane Morris's disingenuous allegation that no Judgment has been entered, subsequent orders of the Court and Your Honor specifically acknowledge that the Delaware Judgment was domesticated by Your Honor on May 30, 2013. See Graff Dec. **Exhibit 2** (Order for Turnover of Judgment Debtor's Property Held by Garnishee HSBC ("HSBC Order")); see also Deutsch et. al. v. ZST Digital Networks Inc. et. al., Case No.: 13-cv-03781, Document Number 8. The domesticated Delaware Judgment referred to in the HSCB Order is the exact same Delaware Judgment that Duane Morris erroneously claims has never been entered in New York. Duane Morris harping on this issue is nothing but a veiled attempt to distract this Court

from the pertinent issues at hand: Duane Morris's acceptance of a retainer that it knew was in violation of the Receiver Order and that it was not entitled to at the time of its acceptance.

II. **King & Wood, Acting on Behalf of ZSTN, has transferred *at Least* $25,000 of ZSTN Assets to Duane Morris**

King & Wood Mallesons ("King & Wood") serves as ZSTN's counsel in Hong Kong. Prior to the entry of judgment in the Southern District of New York, on or about May 13, 2013, King & Wood, "acting on behalf of ZSTN,"[1] engaged Duane Morris law firm to represent ZSTN in Deutsch et. al. v. ZST Digital Networks Inc., Case No.: 13-CV-02533. See Graff Aff., **Exhibit 3** (ZSTN's Emergency Motion for Continuance).

On May 13, 2013, Duane Morris received the $25,000 Initial Retainer Fee from King & Wood, acting on behalf of ZSTN, to provide legal services pursuant to the engagement. See Graff Aff., **Exhibit 4** (Duane Morris Declaration in support of Motion to Dismiss ("Duane Morris Declaration")) ¶6. Indeed, annexed as part of the Duane Morris Declaration is a copy of the $25,000 wire transfer from King & Wood to Duane Morris. See Id. at Exhibit D.

Furthermore, annexed as part of the Duane Morris Declaration is a copy of the Engagement Letter ("Engagement Letter") between Duane Morris and ZSTN dated March 12, 2013. See Id. at Exhibit C. Pursuant to the Engagement Letter, Duane Morris states that they "may at any time request" similar fees, in addition to the $25,000 Initial Retainer Fee, for any professional fees associated with their representation of ZSTN. See Id. The Duane Morris Motion to Dismiss notes that "the [Initial] [R]etainer [Fee]... has been applied." See Graff Aff., **Exhibit 5** (Duane Morris Motion to Dismiss), Footnote 3. Thus, on information and belief,

---

[1] Annexed as Exhibit "A" to ZSTN's Emergency Motion was the Affirmation of J. Many Parks dated May 14, 2013 ("Parks Affirmation"). Paragraph 2 of the Parks Affirmation affirms that King & Wood was "acting on behalf of ZSTN."

4

Duane Morris has obtained ZSTN funds from King & Wood *in addition to* the Initial Retainer Fee.

Moreover, pursuant to the Engagement Letter, "[r]etainers and other funds that **belong to ZST** will be held without interest on account by the firm, until disbursed. Such funds may be applied in payment of **ZST's account** for fees owed or other expenses incurred on ZST's behalf." See Graff Aff., **Exhibit 4**, Exhibit C. The Engagement letter not only admits that Duane Morris holds an account that contains ZSTN funds ("ZSTN Account"), it also acknowledges that these funds "belong to ZSTN."

### III. Duane Morris Has Knowingly Violated the Receiver Order

The Receiver Order clearly and unambiguously prioritizes payment of the Mr. Seiden's fees over all other obligations, payments or disbursements of ZSTN, including ZSTN funds that Duane Morris received from King & Wood. See Graff Dec. **Exhibit 6** (Receiver Order). However, ZSTN has yet to satisfy its obligations to Mr. Seiden. As such, the acceptance of the retainer fee was in direct violation of the Receiver Order. Moreover, as counsel for ZSTN, Duane Morris indisputably had knowledge of the Delaware Judgment and that ZSTN has yet to satisfy its obligations to Mr. Deutsch.

### ARGUMENT

### I.   Standard For Motion To Dismiss

"In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Hernandez v. Goord, 312 F. Supp. 2d 537, 542 (S.D.N.Y. 2004). "The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, 'it appears

***beyond doubt*** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Walker v. City of New York, 974 F.2d 293, 298 (2d Cir. 1992) (emphasis added). "The review is limited, and the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. The court's function on a motion to dismiss is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Hernandez v. Goord, 312 F. Supp. 2d 537, 542 (S.D.N.Y. 2004).

## II.     This Court Has Proper Ancillary Jurisdiction

Judgment was domesticated and entered in New York on May 30, 2013, and thus, the allegation that this Court does not have jurisdiction is completely erroneous. The Court maintains ancillary jurisdiction in this turnover proceeding against Duane Morris as necessary to enforce its own Judgment. RCA Corp. v. Tucker, 696 F. Supp. 845, 850 (E.D.N.Y. 1988) ("[A]s to subject matter jurisdiction, the authorities are unanimous that a federal court maintains ancillary jurisdiction to enforce its own judgments, and that, under Rule 69, Fed.R.Civ.P., no independent jurisdictional basis is necessary to commence an enforcement proceeding against a garnishee not a party to the original suit." Skevofilax v. Quigley, 810 F.2d 378, 384 (3d Cir.) (en banc), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1956, 95 L.Ed.2d 528 (1987) (rejecting argument that federal court must possess an independent basis of subject matter jurisdiction over a garnishee; the Court wrote: "Rule 69 does not contemplate that the holders of federal judgments must resort to state tribunals for their enforcement."); Blackburn Truck Lines, Inc. v. Francis, 723 F.2d 730, 732 (9th Cir.1984) ("'[T]he jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment is satisfied.... Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment else the judicial power

would be incomplete and entirely inadequate to the purposes for which it was conferred by the constitution'", quoting Riggs v. Johnson County, 73 U.S. (6 Wall.) 166, 187, 18 L.Ed. 768 (1867)); Chambers v. Blickle Ford Sales, Inc., 313 F.2d 252, 256 (2d Cir.1963); American Safety Table Co. v. Schreiber & Goldberg, Inc., 320 F.Supp. 603, 604 (S.D.N.Y.1970) (observing that federal courts are vested with ancillary jurisdiction over proceedings to enforce their judgments because "a federal court [has] a vital interest in seeing that [its] judgments are not rendered ineffective by ... misconduct.").

### III. Duane Morris Has Knowingly Violated the Clear and Unambiguous Receiver Order and the Receiver Order Is Not Subject to Collateral Attack

As counsel for ZSTN, Duane Morris indisputably had knowledge of the Receiver Order that prioritizes payment to Mr. Seiden as Receiver and accepted monies in violation of the Order. Under the Receiver Order, "[p]ayment of the fees and expenses of the receiver and any experts or advisors retained by the receiver shall have *priority* over all other obligations, payments or disbursements of [ZSTN]." Duane Morris's position that the retainer fees are exempt from the prioritization provision of Receiver Order would in effect write that provision out of the Order, as it would allow all other creditors to be paid in advance of the Receiver. Indeed Duane Morris's position seems to be that receipt of the funds would suffice to override the said provision in the Receiver Order. That surely cannot be the case.

Duane Morris in effect is seeking to amend the Receiver Order by carving out the retainer fees from the prioritization provision. As such, it constitutes a collateral attack on the Receiver Order, and as a matter of law, a Receiver Order cannot be assailed in a collateral proceeding. See Boston & M. R. R. v. Delaware & Hudson Co., 238 A.D. 191, 194, 264 N.Y.S. 470, 475-76 (1933) ("Where a receiver, appointed by a court of competent jurisdiction, sues, the defendant in such suit cannot attack collaterally the validity of the receiver's appointment which

7

can be litigated only in an action directly assailing the appointment."); Grant v. A.B. Leach & Co., 280 U.S. 351, 359, 50 S. Ct. 107, 110, 74 L. Ed. 470 amended, 281 U.S. 689, 50 S. Ct. 236, 74 L. Ed. 1119 (1930) ("[E]ven if the order appointing the receiver was erroneous and might have been vacated in part on a direct attack, ... plainly the validity of the appointment could not have been questioned by a collateral attack in another court."); Ratner ex rel. JMV Fixed Income Arbitrage Performance Partners, Ltd. v. UMB Bank, N.A., 08-0495-CV-W-HFS, 2008 WL 3834075 (W.D. Mo. Aug. 13, 2008) ("[T]he appointment of a receiver, if erroneous, is not subject to collateral attack in another court."); Wolfe v. Illini Fed. Sav. & Loan Ass'n, 158 Ill. App. 3d 321, 324, 511 N.E.2d 828, 830 (1987) ("Where a court has jurisdiction both of the subject matter and the necessary parties, its appointment of a receiver cannot be assailed in a collateral proceeding, however erroneous it may be."). Here, the Delaware Chancery Court had jurisdiction both of the subject matter and necessary parties in the underlying proceeding in which it ordered the appointment of a receiver. If Duane Morris wishes to challenge the Receiver Order, it should do so in Delaware, not here.

### IV.  Case Law Cited by Duane Morris Is Inapplicable and Irrelevant

Even if this Court were to consider a collateral attack on the Receiver Order, which it should not, the case law cited by Duane Morris is inapplicable and irrelevant. Duane Morris cites four cases, albeit erroneously, in support of their "interest" in the advanced retainer fees. See In re King, 392 B.R. 62, 70 (Bankr. S.D.N.Y. 2008); In re D.L.I.C., Inc., 120 B.R. 348, 351 (Bankr. S.D.N.Y. 1990); In re Renfrew Ctr. of Florida Inc., 195 B.R. 335 (Bankr. E.D. Pa. 1996); In re Insilco Technologies, Inc., 291 B.R. 628 (Bankr. D. Del. 2003).

All four of these cases are bankruptcy proceedings, discussing the validity of retainers in the context of the various chapters of Bankruptcy. Not one of these cases discusses

the prioritization of payment to a Court Ordered Receiver, and not one of these cases involves the receipt of funds by a person or entity, who knows about a Court Order giving the receiver priority over funds, but chooses to accept the monies anyway, in violation of a clear and direct Court Order. For a law firm, as officers of the Court, to accept the money is even more shocking and should not be excused under the circumstances.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that the Motion to Dismiss should be denied in all respects.

DATED this 5th day of August, 2013.

_____
DAVID GRAFF

ANDERSON KILL & OLICK P.C.
1251 Avenue of the Americas
New York, NY 10020
Ph: (212) 278-1000
Fax:(212) 278-1733
*Attorneys for Petitioners*