UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PETER E. DEUTSCH,                                          :

               Plaintiff/Petitioner, and     :   Case No. 13 CV 4571 (RPP)

RECEIVER ROBERT SEIDEN,                                    :

               Plaintiff/Petitioner,         :   REPLY DECLARATION IN
                                                 SUPPORT OF MOTION TO DISMISS
  -against-                                                :

ZST DIGITAL NETWORKS, INC.,                                :

               Defendant/Respondent,         :

  -and-                                                    :

DUANE MORRIS LLP,                                          :

               Garnishee.                    :
-----------------------------------------------------------x

        Pursuant to 28 U.S.C. § 1746, Barbara Chiu, declares that the following facts are true and correct, subject to the laws against perjury of the United States of America:

        1.    I am a solicitor licensed to practice law in Hong Kong, and am a partner in the Hong Kong firm of King & Wood Mallesons ("KWM Hong Kong"). I submit this declaration in support of the motion of Duane Morris LLP ("Duane Morris") to dismiss the Petition that Petitioners previously filed against that firm. The facts set forth below are based on my personal knowledge.

        2.    In May 2013, KWM Hong Kong was retained by two individual shareholders of ZST Digital Networks, Inc. ("ZST"), a company based in ZhengZhou, China, with respect to the dispute between Peter E. Deutsch ("Deutsch") and ZST. Although ZST is listed on NASDAQ, it

has no operations or management outside China. The shareholders of ZST who retained KWM Hong Kong – Mr. Zhong Bo and Ms. Xue Na – are members of ZST's management.

3. By the time KWM Hong Kong was retained by Mr. Zhong and Ms. Xue, an order had already been entered by the Delaware Chancery Court granting Petitioner Deutsch certain relief on default, including the appointment of a Receiver (the "Receiver"). After the Delaware Chancery Court granted that relief, Deutsch and the Receiver together commenced a proceeding in federal court in New York (the New York proceeding") to make the relief enforceable in New York.

4. Since KWM Hong Kong had been retained to deal with legal proceedings in the United States, it was clear to us that counsel in the United States would also be needed. On behalf of KWM Hong Kong's clients, I therefore contacted an attorney at Duane Morris on May 9, 2013 to see whether his firm could assist us. Once Duane Morris determined that it had no conflict and that it could represent ZST's interests in the New York proceeding, it sent an engagement letter to KWM Hong Kong. The engagement letter required the payment of a $25,000 advance fee retainer. On May 13, 2013, KWM Hong Kong wired $25,000 to Duane Morris. The source of the $25,000 was not ZST, but Mr. Zhong and Ms. Xue, the two members of ZST management who had retained KWM Hong Kong in connection with ZST's dispute with Deutsch. KWM Hong Kong has never received any payment from ZST.

5. There is no factual basis for Petitioners' allegation, made entirely "on information and belief," that "Duane Morris has obtained ZSTN funds from King & Wood. . . ." (See Declaration of David Graff in Support of Opposition to Motion to Dismiss, dated August 5, 2013, p. 2.) Since KWM Hong Kong never received any funds belonging to ZST, it would have

been impossible for KWM Hong Kong to transmit ZST funds to Duane Morris, and we did not do so. Our payment, like the payment we wired to Duane Morris, came from individuals.

6.  As of May 13, 2013, when the $25,000 retainer was wired to Duane Morris, I was unaware of anything that would have prohibited KWM Hong Kong from using funds from our clients to make a payment to Duane Morris to cover the fees and expenses it expected to incur, nor am I now aware of anything that would make such a payment improper.

Dated: Hong Kong Special Administrative Region
       August  15 , 2013

_____
BARBARA CHIU